# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: JUNE 17, 2021
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2020-SC-0130-MR

JAMES RONNIE MCINTOSH                                                         APPELLANT


V.
ON APPEAL FROM PERRY CIRCUIT COURT
HONORABLE ALISON C. WELLS, JUDGE
NO. 19-CR-00066


COMMONWEALTH OF KENTUCKY                                                    APPELLEE


**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

James Ronnie McIntosh was convicted of murdering Danny Mullins and tampering with physical evidence by a Perry County jury. The Perry Circuit Court, consistent with the jury's recommendation, sentenced McIntosh to twenty years' imprisonment for murder and a concurrent sentence of five years' imprisonment for tampering with physical evidence. McIntosh appeals, arguing the trial court erred when it failed to grant him immunity from prosecution pursuant to Kentucky Revised Statute (KRS) 503.085. For the following reasons, we affirm the judgment of the Perry Circuit Court.

## I.    FACTS

On February 27, 2019, McIntosh and Mullins arranged to meet in the Fourseam area of Perry County.  The meeting turned violent, and McIntosh

fired eleven shots at Mullins, hitting him eight times. Mullins succumbed to his injuries at the scene. McIntosh fled the scene, disposed of his weapon in a nearby river, and proceeded to a friend's home. Authorities quickly identified McIntosh as a suspect, leading them to interview him. McIntosh initially denied any knowledge of the events. When confronted with what officers knew, McIntosh revised his statement and alleged that while he shot Mullins, he acted in self-defense.

Before trial, McIntosh moved for dismissal pursuant to KRS 503.085. KRS 503.085(1) provides that:

> A person who uses force as permitted in KRS 503.050, 503.055, 503.070, and 503.080 is justified in using such force and is immune from criminal prosecution and civil action for the use of such force, unless the person against whom the force was used is a peace officer, as defined in KRS 446.010, who was acting in the performance of his or her official duties and the officer identified himself or herself in accordance with any applicable law, or the person using force knew or reasonably should have known that the person was a peace officer. As used in this subsection, the term "criminal prosecution" includes arresting, detaining in custody, and charging or prosecuting the defendant.

The relevant portions of KRS 503.050 provide that:

> (1) The use of physical force by a defendant upon another person is justifiable when the defendant believes that such force is necessary to protect himself against the use or imminent use of unlawful physical force by the other person.

> (2) The use of deadly physical force by a defendant upon another person is justifiable under subsection (1) only when the defendant believes that such force is necessary to protect himself against death, serious physical injury, kidnapping, sexual intercourse compelled by force or threat, felony involving the use of force, or under those circumstances permitted pursuant to KRS 503.055.

> …

2

(4) A person does not have a duty to retreat prior to the use of deadly physical force.

The relevant portion of KRS 503.055(3) states that:

A person who is not engaged in an unlawful activity and who is attacked in any other place where he or she has a right to be has no duty to retreat and has the right to stand his or her ground and meet force with force, including deadly force, if he or she reasonably believes it is necessary to do so to prevent death or great bodily harm to himself or herself or another or to prevent the commission of a felony involving the use of force.

The trial court reviewed Grand Jury testimony, police reports, witness statements, McIntosh's statement, testimony from the preliminary hearing in Perry District Court and testimony from the prior bond reduction hearing in Perry Circuit Court. The court acknowledged that some facts could support either party, but based on the totality of the circumstances, the trial court found the Commonwealth had established probable cause that McIntosh's use of force was unlawful. Accordingly, the trial court denied McIntosh's motion to dismiss.

In January 2020, the Perry Circuit Court conducted a four-day jury trial. McIntosh's central argument during the trial was that his actions were justified under KRS 503.050 and KRS 503.055. At the conclusion of the Commonwealth's case-in-chief and again at the close of all evidence, McIntosh moved for a directed verdict arguing the Commonwealth had failed to establish he had not acted in self-defense. The trial court denied his motion.

The trial court, Commonwealth, and defense counsel agreed to an appropriate set of instructions for the jury, and the trial court provided them to the jury before closing argument. Relevant to this appeal, the jury was

3

instructed on self-protection, murder, and the lesser included offenses of first-degree manslaughter, second-degree manslaughter, and reckless homicide. While defense counsel objected to the instructions for the lesser included offenses of manslaughter and reckless homicide, he made no objection to the self-protection or murder instructions. Following closing arguments, the jury deliberated and returned a guilty verdict on the murder and tampering with physical evidence counts. The trial court denied McIntosh's subsequent motion for judgment notwithstanding the verdict and sentenced him to twenty years' imprisonment for murder and five years' imprisonment for tampering with physical evidence to be served concurrently with each other. McIntosh now appeals arguing that the trial court's failure to find him immune from prosecution under KRS 503.085 was reversible error.

## II. ANALYSIS

"When a claim of immunity is raised under KRS 503.085, the prosecution may nonetheless proceed if the trial court believes 'there is probable cause to conclude that the force used was not legally justified under the controlling provisions of KRS Chapter 503.'" *Ragland v. Commonwealth*, 476 S.W.3d 236, 246 (Ky. 2015) (quoting *Rodgers v. Commonwealth*, 285 S.W.3d 740, 754 (Ky. 2009)). "Because immunity is designed to relieve a defendant from the burdens of litigation, it is obvious that a defendant should be able to invoke KRS 503.085(1) at the earliest stage of the proceeding." *Rodgers*, 285 S.W.3d at 755. KRS 503.085 provides a procedural exception to

4

the general rule that trial courts do not dismiss indictments prior to trial. *Id.* at 753.

The burden to establish probable cause that the defendant's use of force was not lawful is on the Commonwealth. *Id.* at 755. To do so, the Commonwealth may direct the trial court to evidence of record, but the defendant is not entitled to an evidentiary hearing. *Id.* Importantly, we noted in *Rodgers*, an appellate court's review of a trial court's application of KRS 503.085 is "purely academic" when the defendant has been "tried and convicted by a properly instructed jury." *Id.* at 756. "When a jury has already convicted the defendant—and, thus, found that his use of physical force in fact was unlawful beyond a reasonable doubt—and that conviction has not been shown to be flawed, **the appellate court will not revisit whether there was probable cause** to believe that a defendant's use of force was unlawful to allow prosecution under KRS 503.085." *Ragland*, 476 S.W.3d at 246 (emphasis added).[1]

McIntosh alleges no error aside from the trial court's misapplication of the immunity provided by KRS 503.085. The evidence in the record shows no

---

[1] We have reviewed the merits of a trial court's KRS 503.085 immunity decision when the defendant's conviction lacked a proper jury determination. *See, e.g., Truss v. Commonwealth*, 560 S.W.3d 865 (Ky. 2018) (reviewing merits of immunity challenge after holding there was reversible error in jury selection and case would be remanded for new trial); *Wright v. Commonwealth*, No. 2016-SC-000089-MR, 2017 WL 639386 (Ky. Feb. 16, 2017) (reviewing after defendant reserved right to appeal immunity determination as part of plea agreement); *Ragland*, 476 S.W.3d 236 (reviewing immunity after holding that jury instructions on self-protection were erroneous); *Commonwealth v. Lemons*, 437 S.W.3d 708 (Ky. 2014) (reviewing immunity determination after the defendant's *Alford* plea which expressly reserved his right to appeal the standard used by the trial court to determine probable cause).

error, nor does McIntosh himself assert any error, in the jury instructions or the jury composition. There is no other basis to believe the jury did not consider his self-defense argument before finding him guilty of murder. Based on this Court's prior precedent and the lack of any reversible error in his conviction, we will not review this issue.[2]

### III. CONCLUSION

For the foregoing reasons, the judgment of the Perry Circuit Court is affirmed.

All sitting. All concur.

---

[2] We note that we recently decided *Skinner v. Commonwealth*, No. 2019-SC-0589-MR, 2021 WL 732963 (Ky. Mar. 3, 2021), where we stated that "considering the seriousness of the alleged errors and fact-intensive issues raised by Skinner, we will review the trial court's denial of his immunity motion." *Id.* at *1. While we chose to analyze the merits of Skinner's probable cause argument without the requisite finding of an underlying error, even in that case we recognized our prior precedent instructed us not to do so.

COUNSEL FOR APPELLANT:

Karen Shuff Maurer
Department of Public Advocacy


COUNSEL FOR APPELLEE:

Daniel J. Cameron
Attorney General of Kentucky

Aspen Caroline Carlisle Roberts
Assistant Attorney General

James Daryl Havey
Assistant Attorney General